Jones, J.
(dissenting). I would affirm on the opinion of Mr. Justice Frank Del Vecchio at the Appellate Division, adding only brief supplemental comments.
First, I would stress, as apparently conceded by the majority, that negligent failure of a drawer to examine his monthly statements and canceled checks has so far been held to bar recovery only from a bank in which he is a depositor (e.g., Arrow Bldrs. Supply Corp. v Royal Nat. Bank of N. Y., 21 NY2d 428). To erect a similar duty on the part of a drawer (and thus to lay the basis for a defense based on negligent failure to perform such duty) in favor of a stranger bank, as does the majority here, seems to me to exceed the proper bounds of judicial, as distinguished from legislative, innovation.
Additionally such a rule will introduce elements of uncertainty, dependent on provable fact situations and patterns, in an area of commercial activity in which predictability and certainty are of the greatest practical importance.
Finally if readily available means is desired to assure easily realizable funds, use may always and easily be made of cashier’s and bank checks. Recourse was not had here to such instruments. Accordingly I would hold that Groveland, after receiving funds known by it to belong to Lincoln, was liable for thereafter disbursing such funds without authorization of Lincoln. I find it strange and disturbing doctrine to impose a duty on the owner of property affirmatively to make certain that his property is not misapplied by another into whose hands such property has come, and particularly so where commercial paper is involved.
Chief Judge Breitel and Judges Jasen, Wachtler, Fuchs-berg and Cooke concur with Judge Gabrielli; Judge Jones dissents and votes to affirm in a separate opinion.
*262 Order modified, with costs to abide the event, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the affirmative.